THE STATE OF OHIO *v.* HITCH.

(Nos. 85-CRB-68-661 and
85-TRD-117-380 —
Decided July 31, 1985.)

Clermont County Court.

*Thomas R. Herman,* for plaintiff.
*Andrew B. Dennison,* for defendant.

VORIS, J. This case came on for hearing on motions to suppress and to dismiss by the defendant, Danny Hitch. It was developed at the hearing that defendant was observed speeding in excess of the speed limit by six miles per hour in the village of Owensville. A chase up and down the streets of Owensville ensued. Defendant finally went into the driveway of his home a few yards from the village street. The police followed. They lost sight of defendant for a few minutes. The police called for back-up help. A Clermont County deputy arrived within twenty minutes. The police chief and the Clermont County deputy went to the front door of defendant's home. They knocked on the door. Defendant opened the door; then, after a few words, closed the door. The police prevented the door from being fully closed. One of the police entered the defendant's home and viewed the defendant at the top of the stairs. Words ensued. Defendant went with the police. The police arrested defendant and charged him with resisting arrest, speeding, and fleeing and eluding. The police had not obtained a warrant for defendant's arrest. Defendant moves to suppress the evidence (defendant's body) and to dismiss the case on the basis that a warrant should have been obtained. The state's position is basically that these motions should be denied. First the state asserts that the police were in "hot pursuit of the defendant," and therefore could lawfully arrest him without a warrant, even with the twenty-minute delay in the driveway of the defendant's home. Additionally, they assert that the defendant was observed committing a misdemeanor in their presence, speeding, therefore no warrant was necessary. The resisting arrest charge comes from defendant's

refusal to allow the police entry into the home and defendant's running to the top of the stairs in his home to avoid the police.

Does the twenty-minute wait by the police for back-up help break the "hot pursuit" and make it a cold pursuit, therefore necessitating a warrant for defendant's arrest?

Additionally present is the issue of whether or not defendant's home could be violated by entry by a police officer without a warrant and could a valid arrest without a warrant flow from such circumstances?

Addressing the first issue, this court must hold that the twenty-minute wait for the back-up help would have allowed sufficient time to obtain a warrant for defendant's arrest. Having destroyed the hot pursuit by the twenty-minute wait, all that follows must be suppressed, since no valid arrest could have occurred thereafter. Thus, the court need not consider the cases cited by the state as to the legality of a warrantless arrest at the threshold of an individual's home. Those cases depend upon the police legally being at the defendant's door step. Not so in this case.

Furthermore, assuming *arguendo* that the police presence on defendant's doorstep was legal and the result of a hot pursuit, at the moment defendant refused their entry, the police should have obtained a warrant at that point. They did not do so, and all that follows must be suppressed. There was no showing by the state that they complied with the mandates of *Payton* v. *New York* (1980), 445 U.S. 573, *State* v. *Vuin* (C.P. 1962), 89 Ohio Law Abs. 193, *State* v. *Furry* (1971), 31 Ohio App. 2d 107 [60 O.O. 2d 196], and *Sabbath* v. *United States* (1968), 391 U.S. 585.

Of particular relevancy to the case at bar is the case of *Welsh* v. *Wisconsin* (1984), ____ U.S. ____, 80 L. Ed.2d 732, a United States Supreme Court case which delineates the requirements of a warrantless search in an exigent circumstances case.

In the case at bar it was alleged that defendant drove in excess of the Owensville posted speed limit by six miles per hour, then fled to his home. Was this such a exigent circumstance so as to justify a warrantless entry into defendant's home?

This court must answer the question in the negative. First the gravity of the original alleged offense was minor (speeding). Second the "hot pursuit" became cold when the officers lost sight of the defendant in his driveway and waited twenty minutes for another officer to arrive. Since the original officers had time to get "back-up" help, they had time to get a warrant. One officer or the mayor testified that "back-up" help was called due to prior incidents with the defendant. It was not specified what these incidents were that necessitated "back-up" help, in a situation where defendant was observed allegedly violating the local speed ordinance, by traveling six miles per hour over the posted speed. While an officer certainly must not needlessly risk life and limb during the commission of a minor misdemeanor, he certainly must obtain a warrant unless it truly was a case of a continuous "hot pursuit," unbroken by a twenty-minute wait. No "good faith" exception was argued by the state of Ohio in this case, so that issue is not decided.

Therefore, defendant's motions to suppress and to dismiss are granted as to all charges.

*Motions granted.*