THE STATE OF OHIO, APPELLEE, *v.* HARTLEY, APPELLANT.

48

(No. 1701—Decided August 17, 1988.)

*Norman E. Brague,* law director, for appellee.

*Paul M. Earle,* for appellant.

GEORGE, ·J. The defendant below, Thomas E. Hartley, filed two motions which are the subject of this appeal. The first motion, in its entirety, states:

"Now comes the Defendant, who hereby moves this Court for an Order dismissing the within action, or in the alternative, suppressing all evidence obtained therein, as there was no probable cause for the arrest of the defendant."

The second motion, in its totality, states:

"Now comes the Defendant who moves this Court for an Order suppressing the results of any and all tests administered to him, including, but not limited to, breath analysis, for the reasons that Plaintiff failed to comply with the statute below.

"R.C. Sec. 4511.191(C)."

No memorandum, affidavit or other explanation of the basis upon which these motions were being sought accompanied either motion, except for the reference to R.C. 4511.191(C). The trial court denied both motions, finding that they failed to comply with the requirements of Crim. R. 47 because they did not include sufficient supporting information. The trial court cited *State* v. *Griggy* (1982), 1 Ohio Misc. 2d 16, 1 OBR 457, 440 N.E. 2d 74, and *Solon* v. *Mallion* (1983), 10 Ohio App. 3d 130, 10 OBR 156, 460 N.E. 2d 729, in support of the denials.

The defense did not file any further motions and the matter proceeded to a jury trial. The defendant was subsequently found guilty of violating both R.C. 4511.19(A)(1) and 4511.19(A)(3). He was, however, sentenced on only one offense. The trial proceedings were not available as part of the record on appeal.

The defendant raises two assignments of error, each claiming that the trial court erred in denying the two motions shown above, without holding an evidentiary hearing. First, neither motion requested that an oral hearing be conducted. Second, Crim. R. 47 provides that a court may make "provision * * * for the submission and determination of motions without oral hearing * * *."

Under Ohio's criminal procedure, there is no provision for a motion to dismiss a criminal case founded on the lack of probable cause. The determination of whether or not probable cause exists is the very function of the trial. *State* v. *McNamee* (1984), 17 Ohio App. 3d 175, 17 OBR 306, 478 N.E. 2d 843. Thus, the trial court properly denied this motion without a hearing.

A motion to suppress, on the other hand, is a motion which may raise constitutional claims which are capable of determination without a trial of the case. *State* v. *Hennessee* (1984), 13 Ohio App. 3d 436, 13 OBR 525, 469 N.E. 2d 947. However, Crim. R. 12(E) does not mandate a hearing on every suppression motion. The trial court is required to hold a hearing only when the claims are supported by factual allegations which would justify relief. *Solon* v. *Mallion, supra.* Here there were none and the trial court was, thus, not compelled to set the matter for hearing. Therefore, denial of the motion to suppress was proper.

The defendant is unable to ·

demonstrate from the record that he was entitled to a hearing or that the trial court abused its discretion in failing to grant him a hearing on these two motions. For the foregoing reasons, the assignments of error are each overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.