**VILLAGE OF BLANCHESTER, Appellant,**

v.

**HESTER, Appellee.**

[Cite as *Blanchester v. Hester* (1992), 81 Ohio App.3d 815.]

Court of Appeals of Ohio,
Clinton County.

Nos. CA92–02–001 to CA92–02–004.

Decided July 20, 1992.

*Judy A. Gano,* for appellant.

*Dennis & Williams Co., L.P.A., Paul E. Riley* and *Horace W. Baggott, Sr.,* for appellee.

KOEHLER, Judge.

Plaintiff-appellant, the village of Blanchester, appeals a decision of the Wilmington Municipal Court granting a motion to dismiss and to suppress evidence filed by defendant-appellee, William R. Hester.

On May 31, 1991, appellee was charged with failure to yield right of way pursuant to R.C. 4511.44; fleeing and eluding pursuant to R.C. 2921.331(B); disorderly conduct pursuant to R.C. 2917.11; and resisting arrest pursuant to R.C. 2921.33. On October 21, 1991, appellee filed a motion to suppress evidence and to dismiss, alleging that his arrest had been unlawful.

A hearing on the motion was held on December 6, 1991. The first version of the events in question was presented by Officer Delbert Slone of the Blanchester Police Department. Delbert Slone stated that at approximately 6:00 p.m. on the evening of May 30, 1991, he heard several radio transmissions between the police dispatcher and Officer Martin Slone, who happened to be his brother. In keeping with standard practice, Delbert Slone went to Legion Field, the area where Officer Martin Slone was located. When he arrived, he observed a blue van exit Legion Field onto South Broadway Street. The van failed to yield the right-of-way to an on-coming northbound vehicle on South Broadway Street, which had to brake abruptly to avoid an accident.

Once Officer Delbert Slone observed the van fail to yield the right-of-way, he turned on his lights and siren and pursued the van. However, the driver of the van failed to stop. The van traveled about two tenths of a mile and made an abrupt left turn onto Maplegrove Avenue. In making this turn, the van again failed to yield the right-of-way to an on-coming vehicle.

The van pulled into a driveway of a residence on Maplegrove Avenue. The driver, later identified as appellee, got out of the van and went into the house.

Officer Delbert Slone quickly pulled up behind the van and Officer Martin Slone pulled his cruiser behind Officer Delbert Slone's vehicle.

Officer Delbert Slone instructed appellee several times to stop. Appellee refused to do so, saying, "Unless you have a warrant, get off my property," and then appellee entered the residence. The officer followed appellee to the residence. He was met at the door by a woman later identified as appellee's wife, Jean Hester. Officer Delbert Slone testified that appellee's wife opened the door and let him and Officer Martin Slone enter the house.

Upon entering the residence, the officers saw appellee sitting behind a table. Officer Delbert Slone advised appellee that appellee needed to step outside so that he could discuss some traffic offenses. Appellee told the officers that he "wasn't going anywhere." Appellee told the officers to get out of his house; he became "verbally abusive" and indicated he would use force against them.

Officer Delbert Slone placed appellee under arrest. Each officer took one of appellee's arms and led him outside the house. Once outside, they put him gently on the ground and handcuffed him. He was placed in the cruiser and taken to the police station.

Appellee, his wife, and several of their neighbors, testifying on appellee's behalf, presented a radically different version of events. They painted a picture of two small-town police officers acting on some sort of personal vendetta, abusing their authority, and intentionally harassing appellee because of a prior unrelated incident at a local grocery store.

Appellee testified that he left Legion Field and drove to his home. He indicated he saw a police car, but the car never turned on its lights and sirens. Several of appellee's neighbors testified that they saw the police cars but never saw any lights or heard any sirens. Appellee and his wife claimed that the two officers burst into their home without consent, ran in, and knocked appellee's wife up against a chair. Appellee stated that Officer Delbert Slone kept saying to him, "I want you." Appellee inquired as to why he was being arrested and the officer told him, "well, I'll figure out something." The officers refused to let him use the telephone to call his lawyer, seized him, forcibly removed him to his front yard, and threw him on the ground.

Once appellee was handcuffed and placed into the cruiser, Officer Delbert Slone returned to the house and told appellee's wife in the presence of two other witnesses, "[w]ell you know I don't have nothing to charge him with. I'm just going to take him down to the police station and talk to him. If I call you, will you come and pick your husband up?" Upon arrival at the police station sometime later, appellee's wife discovered that several charges had

been filed against appellee, and he was required to post a $1,500 cash bond in order to avoid incarceration.

In a written decision and judgment entry issued on February 6, 1992, the trial court concluded that the officers had entered appellee's home without consent and arrested appellee in violation of his Fourth Amendment rights. The court dismissed the failure to yield charge and the fleeing and eluding charge. It stated: "[a]s defendant was improperly seized and arrested as the result of the unconstitutional entry, the court finds the dismissal of the failure to yield charge is the appropriate remedy. As no probable cause existed for defendant's arrest on the fleeing and eluding offense, that case should likewise be dismissed." The court also concluded that since both the resisting arrest and disorderly conduct charges were the result of an unlawful entry into appellee's home, the evidence obtained by the village as the result of that unlawful entry should be suppressed. This appeal followed.

In its sole assignment of error, appellant states that the trial court erred in granting appellee's motion to suppress and to dismiss. It argues that the police officers were justified in entering appellee's home to make a warrantless arrest because a misdemeanor was committed in their presence and exigent circumstances existed. We find this assignment of error to be well taken only as to the court's dismissal of the failure to yield and the fleeing and eluding charges.

The "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed * * *." *United States v. United States Dist. Court* (1972), 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752, 764. Absent probable cause and exigent circumstances, searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York* (1980), 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639, 653.

In *Welsh v. Wisconsin* (1984), 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732, the United States Supreme Court discussed the exigent circumstances exception to the warrant requirement. It stated that "* * * the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Id.* at 749–750, 104 S.Ct. at 2097, 80 L.Ed.2d at 743. The court held that the gravity of the underlying offense is an important factor in determining whether an exigency exists. *Id.* at 753, 104 S.Ct. at 2099, 80 L.Ed.2d at 745; *State v. Bowe* (1988), 52 Ohio App.3d 112, 114, 557 N.E.2d 139, 141, certiorari denied (1989), 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860. When the government's interest is only to arrest for a minor offense, the presumption of unreasonableness that attaches to a warrantless arrest in a private home is difficult to rebut. *Welsh, supra,* 466 U.S. at 750–751, 104 S.Ct. at 2098, 80 L.Ed.2d at 743–744; *Middleburg Hts. v.*

*Theiss* (1985), 28 Ohio App.3d 1, 3, 28 OBR 9, 11, 501 N.E.2d 1226, 1228. " * * * [A]pplication of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe only a minor offense * * * has been committed." *Welsh, supra,* 466 U.S. at 753, 104 S.Ct. at 2099, 80 L.Ed.2d at 745.

In this case, appellant failed to meet its burden of demonstrating exigent circumstances. A minor traffic offense such as failure to yield cannot justify a warrantless arrest in the home. Appellant argues that appellee was committing the offense of fleeing and eluding and that the police were in "hot pursuit." In discussing this argument, the trial court stated:

"In a given case, the Court could conceive of facts where the 'hot pursuit' exception could apply in a fleeing and eluding case. But in reviewing the facts of this case, the Court is not convinced the exception applies. While the officer believes defendant Hester was intentionally ignoring the claimed siren and lights exhibited on the marked cruiser and refused to stop his motor vehicle, the Court finds it significant that none of the other witnesses in the residential neighborhood ever saw any marked lights or heard any sirens. In addition, there is no allegation that the defendant exceeded the posted speed limit in his operation of his vehicle. The distance which the defendant traveled from the point of his first encounter with the police officer to his residence was extremely short. The defendant operated his vehicle into his own driveway. He stopped his vehicle voluntarily. If defendant was attempting to elude this police officer, he had an unusual way of going about it. Based upon the evidence presented in this case, the Court finds no probable cause existent for charging defendant with the offense of fleeing and eluding an officer. As such, this Court will not condone the nonconsensual entry into the Hester home based upon the alleged 'hot pursuit' of the defendant for fleeing and eluding an officer."

We agree with the trial court's analysis, which was supported by competent, credible evidence. The circumstances of this case hardly justify the conclusion that the police were in "hot pursuit." See *Bowe, supra,* 52 Ohio App.3d at 113–114, 557 N.E.2d at 140–142; *State v. Hitch* (1985), 23 Ohio Misc.2d 29, 23 OBR 252, 491 N.E.2d 1147.

We conclude that the warrantless arrest of appellee in his home violated his Fourth Amendment rights. The trial court properly suppressed all evidence related to the resisting arrest and disorderly conduct charges as "fruit of the poisonous tree" since that evidence was obtained as a result of the unlawful arrest. See *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

■ As to the other two charges, the proper remedy for a Fourth Amendment violation is suppression of the evidence wrongfully obtained, not dismissal of the charges. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews* (1980), 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537, 547; *State v. Reymann* (1989), 55 Ohio App.3d 222, 225, 563 N.E.2d 749, 751. Although we do not relish this result given the flagrant constitutional violation perpetrated by the police in this case, we must conclude that the trial court erred in dismissing the fleeing and eluding and failure to yield charges.[1]

In sum, we conclude that the trial court properly suppressed all evidence relating to the resisting arrest and disorderly conduct charges. However, it erred in dismissing the failure to yield and fleeing and eluding charges. Accordingly, appellant's assignment of error is sustained in part and reversed in part, and the matter is remanded for trial on all charges since all four charges are still pending.

The judgment is affirmed in part and reversed in part, and this cause is remanded for further proceedings according to law and not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.

---

1. We would also point out that all four charges were given different case numbers. Appellee's motion to suppress and to dismiss was labeled only with the case numbers for the resisting arrest and disorderly conduct charges. The language of the motion does not specify the charges to which it refers. Technically, there was no motion filed directed at either the failure to yield or fleeing and eluding charges and it was improper to dismiss them.