This appeal arises out of a trial court decision finding Appellant guilty of driving under the influence of alcohol in violation of R.C. 4511.19 (A)(1). For the following reasons, this Court affirms the lower court judgment.
The parties agree that on January 29, 1994 at 2:29 a.m., Trooper Christopher Johnson observed Appellant drive through a stop sign and swerve to avoid striking a vehicle in front of him as he exited Interstate 70 onto State Route 9. The officer activated his pursuit lights and followed Appellant into the driveway of his home.
The facts begin to diverge at this point. At the hearing on Appellant's motion to dismiss the case or suppress Appellant's statements, Trooper Johnson testified that Appellant pulled his car into the garage, got out of the car and walked toward him on the snow-covered driveway. Johnson got out of his cruiser and noticed that Appellant was unsteady on his feet. Appellant's driveway was snow covered. (Tr. of Motion Hrg., 4/14/94, pg. 5). Johnson testified that he observed a strong odor of alcohol on Appellant's person as he walked toward him. Appellant denied drinking any alcohol beverages upon Johnson's questioning. (Tr. of 4/14/94, pg. 6).
Johnson testified that he wanted Appellant to sit in his cruiser so that he could check Appellant's eyes for nystagmus, but decided not to have Appellant walk to the cruiser because of his unstable physical condition. He feared Appellant would fall over a snow bank located near the cruiser. Johnson thus attempted to check Appellant's eyes as he stood in the driveway, but Appellant refused to cooperate and refused to perform any other field sobriety tests requested. (Tr. of 4/14/94, pgs. 6-7). Johnson stated that on several occasions Appellant told him just to arrest him. (Tr. of Motion Hearing, 4/14/94, pg. 7). Johnson did arrest Appellant after he refused to perform the requested tests. (Tr. of 4/14/94, pg. 8).
Johnson stated that he helped Appellant into his cruiser and they drove to the Patrol Post where Johnson read Appellant his Miranda warnings and the Ohio Bureau of Motor Vehicles Form 2255 regarding blood alcohol testing. At 2:45 a.m. Johnson requested that Appellant submit to a blood alcohol test. (Tr. of 4/14/94, pgs. 8-9). When the request was made, Johnson asked Appellant if he understood the forms and Appellant replied that he did, but that he was indecisive about taking the test. (Tr. of 4/14/94, pg. 8). Johnson asked Appellant if he wanted to contact an attorney. Appellant said yes and Johnson gave him a phone book and allowed him to use the phone. (Tr. of 4/14/94, pg. 10).
Appellant tried four times to contact an attorney but was unsuccessful. Johnson testified that Appellant informed him that he believed he had a right to wait until morning to reach his attorney during regular business hours. (Tr. of 4/14/94, pg. 10). Johnson told Appellant that he could not, wait until morning. Johnson categorized this exchange as a refusal to submit to testing at 3:08 a.m.
Appellant testified to a different version of the facts at the motion hearing. Appellant first testified that he did stop his car at the stop sign off of the exit ramp and then noticed a patrol car following him into his driveway with the lights illuminated. (Tr. of 4/14/94, pg. 14). Appellant later stipulated that he did, in fact, run the stop sign and that Officer Johnson had reasonable and articulable suspicion to initially stop his vehicle. (Appellant's Brief, pg. 5).
According to Appellant, Johnson met him in his driveway and questioned him about running the stop sign. After Appellant twice asked Johnson if he was going to arrest him, Johnson did so. (Tr. of 4/14/94, pg. 14). Appellant testified that Johnson never requested that he submit to field sobriety tests or an eye test and that Johnson did not have to help him into the cruiser because he had no difficulty walking. (Tr. of 4/14/94, pgs. 15-17).
Appellant agrees that at the patrol post, he was read his Miranda rights and the blood alcohol test form. (Tr. of 4/14/94, pg. 15). Appellant said that he wanted to contact an attorney and that he attempted to contact one four, or five times without success. Appellant admits that Trooper Johnson told him that he would have to make a decision as to whether to take the blood alcohol test on his own since he could not reach his attorney. While he never agreed to the test, Appellant stated that he never expressly refused to take it. (Tr. of 4/14/94, pg. 16).
Appellant also admits that he lied to Trooper Johnson when he told him that he had not consumed any alcoholic beverages on the morning of his arrest. At hearing, he testified that he had actually consumed five or six alcoholic beverages. (Tr. of 4/14/94, pg. 16).
Appellant was charged with violating R.C. 4511.19(A)(1) and R.C. 4511.43. On February 3, 1994, Appellant waived arraignment and entered a plea of not guilty to the charges.
On March 1, 1994, Appellant filed a motion requesting the court to either dismiss the case against him or suppress any comment as to Appellant's alleged refusal to submit to a blood alcohol test. Appellant contended that Trooper Johnson lacked probable cause to initially stop his car and to place him under arrest. The motion further alleged that Appellant was denied his right to counsel because he was afforded only minimal opportunity to contact an attorney.
On April 14, 1994, the trial court held a hearing on Appellant's motion and took testimony from Appellant and Trooper Johnson. Immediately after the hearing, the trial court issued an entry overruling Appellant's motion and finding that the officer had probable cause to request a blood alcohol test due to his observing Appellant's erratic driving coupled with a strong odor of alcoholic beverage about Appellant's person. (J.E. 4/14/94). The court also found that Appellant was afforded sufficient opportunity to contact counsel of his choice and was given a telephone book in case he wanted to reach another attorney. (J.E. 4/14/94). The court found that when Appellant said he wanted to wait until regular business hours the next morning to contact his lawyer, this amounted to a constructive refusal by Appellant to the blood alcohol test. (J.E. 4/14/94). The case was set for trial.
On the June 14, 1994 trial date, both parties stipulated that the trial court should determine Appellant's guilt or innocence as to the charge based upon the transcript of the testimony taken at the April 14, 1994 motion hearing. The only additional evidence submitted at trial was a statement by Appellant's attorney that Appellant did not want to make a decision whether or not to take the blood alcohol test without an attorney because he was afraid of jeopardizing his motor vehicle salesman's license.
On July 13, 1994, the trial court found Appellant guilty of violating R.C. 4511.19(A)(1). On August 16, 1994, the court sentenced Appellant to ten days in jail but suspended seven of those days on the condition that Appellant pay a fine of $300.00 plus court costs and that Appellant not violate any traffic laws for one year. The trial court also suspended Appellant's driver's license for 180 days, but granted occupational driving privileges if Appellant showed proof of enrollment in a residential treatment program.
On September 14, 1994, Appellant filed a notice of appeal. Appellant raises the following assignments of error:
 "THE TRIAL COURT SHOULD HAVE GRANTED THE DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE.
 "THE TRIAL COURT SHOULD HAVE GRANTED THE DEFENDANT-APPELLANT'S MOTION TO LIMIT COMMENT ON THE DEFENDANT-APPELLANT'S ALLEGED REFUSAL TO SUBMIT TO BAC DATAMASTER TEST.
 "THE DEFENDANT-APPELLANT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant concedes that Trooper Johnson had reasonable and articulable suspicion for the initial stop of his vehicle due to his admission that he failed to stop at the stop sign. (Appellant's Brief, pg. 5). However, Appellant asserts that the officer's brief contact with him in his driveway was insufficient to establish probable cause to arrest him for driving under the influence of alcohol and that no field sobriety tests were conducted to warrant the arrest. Appellant argues that because the State failed to elicit an opinion from the arresting officer at trial that Appellant was under the influence of alcohol such that his ability to operate a motor vehicle was impaired, the State failed to prove that a violation of R.C. 4511.19(A)(1) occurred, thus the conviction was against the manifest weight of the evidence. Finally, Appellant argues that he was not given a reasonable time in which to contact his attorney as required under R.C. 2935.20
and that the trial court should therefore have granted the motion to limit comment on his alleged refusal to take the blood alcohol test based upon the violation of R.C. 2935.20.
Before addressing these assignments of error, it should be noted that Appellant styled his motion before the trial court as one to dismiss the case against him for lack of probable cause to arrest or to suppress comments as to a refusal in the alternative. This Court has held that there is no provision in the Ohio Rules of Criminal Procedure regarding a "motion to dismiss" a criminal case which is founded upon a lack of probable cause. State v. Lloyd (Apr. 15, 1998), Belmont App. No. 96 BA 31, unreported, citing City of Cleveland v. Shields
(1995), 105 Ohio App.3d 118, 123 (Blackmon, J., concurring), citing State v. Hartley (1988), 51 Ohio App.3d 47, 48. Crim.R. 12(B)(3) provides that the ". . . following must be raised before trial: * * * (3) [m]otions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained." The proper remedy for a violation of the fourth amendment is to suppress the evidence obtained, not to dismiss the charges.Lloyd, supra, [citations omitted].
Consequently, even if the trial court had granted Appellant's motion, he would not have been entitled to a dismissal of the charges, but rather, to a suppression of the evidence gathered against him. The trial court could only have dismissed the case if it found that the State could not establish its case without the suppressed evidence. Nevertheless, we will address Appellant's first assignment on appeal but will review the trial court's decision on the motion under the same standard of review as a motion to suppress.
An appellate court shall not disturb a trial court's decision on a motion to suppress when it is supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. The evaluation of evidence and the credibility of the witnesses are issues to be decided by the trier of fact in a suppression hearing. State v. Mills (1992), 62 Ohio St.3d 357, 366, citingState v. Fanning (1982), 1 Ohio St.3d 19, 20. Deference is given to the factual findings of the trial court as the trial judge is in the best position to "* * * view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
While accepting that the facts as found by the trial court are true, we must then "* * * independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the legal standards * * *" applicable to the case. Lloyd, supra [citations omitted]; Statev. Brown (1996), 116 Ohio App.3d 477, 481.
Trooper Johnson did have probable cause to arrest Appellant for driving under the influence of alcohol. Before an arrest can occur, the officer must have probable cause to believe that the individual has committed a crime. State v. Timson (1974),38 Ohio St.2d 122, 127. An officer has probable cause when there is "* * * [a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged * * *." Huber v. O'Neill
(1981), 66 Ohio St.2d 28, 30, quoting Ash v. Marlow (1851),20 Ohio 119, paragraph one of the syllabus.
This Court has held that if an officer develops probable cause to believe the suspect is driving under the influence of alcohol during a justified initial stop and detention, the officer may place the individual under arrest. State v.Campbell (1996), 115 Ohio App.3d 319, 328, citing State v.Antill (1993), 91 Ohio App.3d 589. To determine if an officer possessed probable cause to arrest a driver for violating R.C.4511.19(A), the court must review "* * * whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol." State v. Medcalf (1996),111 Ohio App.3d 142, 147, citing Beck v. Ohio (1964),379 U.S. 89, 91 and Timson, 38 Ohio St.2d at paragraph one of the syllabus. Additionally, "* * * [t]he arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol." Lloyd, supra, citing State v.Van Fossen (1984), 19 Ohio App.3d 281, 283; State v. Taylor
(1981), 3 Ohio App.3d 197, 198.
An officer must also have probable cause to arrest a suspect for driving under the influence of alcohol in order to request that the suspect submit to chemical testing to determine intoxication. State v. Gustafson (1996), 76 Ohio St.3d 425,439. This Court has held that before an officer can request such a test, the officer must also advise the suspect of the consequence of test results indicating an alcohol level over the legal limit and the consequences for refusing to submit to the testing. Campbell, supra at 328-329.
The totality of the circumstances surrounding the instant case supports the finding of probable cause to arrest Appellant for driving under the influence of alcohol and for Trooper Johnson to request that Appellant submit to a blood alcohol test. Both parties agreed that Johnson conducted an initial stop based upon valid reasonable suspicion. The officer observed Appellant drive erratically through a stop sign and swerve to avoid hitting a vehicle stopped at the sign. After observing his erratic driving and following him to his home, Johnson noticed that Appellant appeared unsteady on his feet as he exited the vehicle and also observed a strong odor of alcohol about Appellant's person upon questioning him. These are sufficient indicia of alcohol consumption and driving under the influence of alcohol. Although he denied consuming any alcohol to Johnson, Appellant later testified that he lied to the officer and admitted that he had consumed about five or six alcoholic beverages that morning.
Trooper Johnson attempted to check Appellant's eyes for nystagmus and perform other tests, but Appellant refused to allow him to do so. Again, while Appellant testified that Johnson never even mentioned sobriety tests, the trial court believed Johnson's testimony. Both parties also testified that Johnson read Appellant his Miranda warnings, the consequences and implications of test results revealing a blood alcohol content over the legal limit and the consequences of refusing a chemical test.
Thus, the trial court heard the testimony of Trooper Johnson and Appellant at the motion hearing and based a finding of guilt upon this testimony. The parties had stipulated that the court should determine guilt or innocence based upon the record of that hearing. The trial court was therefore in the best position to evaluate the credibility of the witnesses as they testified and to determine the truth of the facts as they unfolded. The trial court chose to attach greater credibility to Johnson's testimony. Based upon the officer's observation of Appellant's erratic driving, the valid investigatory stop, the odor of alcohol about Appellant, the observation of Appellant's unsteady walk and his uncooperative behavior, this Court finds that a reasonably prudent person would be warranted in believing that Appellant was driving while under the influence of alcohol. Thus, we find that competent, credible evidence existed to support the trial court's determination that Trooper Johnson possessed probable cause to arrest Appellant for violation of R.C. 4511.19 (A)(1) and to request that Appellant submit to a blood alcohol test. Appellant's first assignment of error is without merit.
Appellant's second assignment of error is also without merit. Again, we will not disturb a trial court decision on a motion to suppress when it is supported by competent, credible evidence. Winand, supra at 288, citing Tallmadge, supra at 608. However, we must independently determine as a matter of law whether the facts meet the legal standard applicable to the case. Lloyd, supra [citations omitted]; Brown, supra at 481.
R.C. 2935.20 provides that:
 "After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section."
In Fairborn v. Mattachione (1995), 72 Ohio St.3d 345, the Ohio Supreme Court was faced with a question as to whether the exclusionary rule was available as a sanction for a violation of R.C. 2935.20. The Court answered the question in the negative. Id. The Supreme Court has held that "[b]y refusing to submit to the test contingent on receiving the advice of counsel, the arrestee has, for the purposes of the implied consent statute, R.C. 4511.191, 'refused' to take the chemical alcohol test." Dobbins v. Ohio Bur. of Motor Vehicles (1996),75 Ohio St.3d 533, 540.
Applying the foregoing, the trial court had before it competent, credible evidence from which to determine that Appellant refused to submit to the chemical test. The trial court was in the best position to determine the credibility of the witnesses and the evidence before it. Mills, supra at 366, citing Fanning, supra at 20. Both Trooper Johnson and Appellant testified that Johnson read Appellant his Miranda rights and the implied consent and chemical testing form 2255. (Tr. of 4/14/96, pgs. 10, 15-16). Appellant was indecisive about submitting to the testing and requested the opportunity to contact his attorney for advice. Johnson obliged and Appellant attempted to call his attorney three or four times but was unable to reach him.
After these unsuccessful attempts, Johnson told Appellant he would need to decide himself whether to take the test. Appellant replied that he had a right to wait until morning to contact his attorney for advice as to whether to submit to the testing. After this statement and no further action by Appellant to contact an attorney, Johnson categorized Appellant's actions as a refusal to submit to the test. Although Appellant testified that he never verbally refused, he did testify that he was waiting to get advice from his attorney before deciding whether or not to take the test. (Tr. of 4/14/96, pg. 18).
Pursuant to Dobbins, supra, Appellant's statement that he would not submit to testing without advice from counsel was properly considered as a refusal under R.C. 2935.20. Even assuming the reverse to be true, the exclusionary rule does not apply to suppress the testimony regarding the alleged refusal.Mattachione, supra.
Appellant's third assignment of error is also without merit. The trial court's finding of guilt was not against the manifest weight of the evidence. When reviewing a weight of the evidence argument, the Court of Appeals sits as a "thirteenth juror," reviewing the entire record, weighing all of the evidence, and considering all reasonable inferences and the credibility of the witnesses. State v. Thompkins (1997), 78 Ohio St.3d, 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Upon such a review, the Court of Appeals determines if the trier of fact clearly lost its way in resolving evidentiary conflicts and created a manifest miscarriage of justice such that the conviction should be reversed. Id. at 387. R.C.4511.19 provides in part that:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse * * *[.]"
Under this section, the prosecution is not required to establish a threshold level of alcohol concentration in the defendant's body. State v. Lowman (1992), 82 Ohio App.3d 831,836. The prosecution must "* * * prove that the defendant operated a vehicle when his faculties were appreciably impaired by the consumption of alcohol." Id. [citations omitted].
In the case at hand, the trial court did not lose its way in resolving the evidence in favor of the State. There was evidence from which the trial court could properly infer that Appellant was intoxicated and operating his automobile in an impaired condition. Trooper Johnson saw Appellant drive erratically through a stop sign and swerve to avoid hitting another vehicle, smelled a strong odor of alcohol about Appellant and stated that Appellant was unsteady on his feet and needed assistance to get into the cruiser. Johnson thus observed characteristics consistent with a conclusion that Appellant had consumed a level of alcohol which would impair his abilities and observed impairment in Appellant's ability to operate a vehicle.
Appellant asserts that the prosecution failed to establish that he violated R.C. 4511.191(A)(1) because Johnson did not explicitly state his opinion at trial that Appellant was driving under the influence of alcohol. Thus, Appellant's conviction should be reversed. The officer's failure to give such an explicit opinion does not render the conviction invalid, Lowman, supra at 836, especially when it can be inferred from the circumstances.
For all of the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is hereby affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ________________________ CHERYL L. WAITE, JUDGE