[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant, the state of Ohio, appeals from the decision of the trial court granting the defendant-appellee's motion to dismiss the indictment charging him with escape, pursuant to R.C. 2921.01(E) and 2967.15(C)(2). The latter section states as follows:
A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release, and, if the person absconds from supervision, the person may be prosecuted for the offense of escape.
Although it is nowhere indicated in the indictment, the alleged escape occurred when Hagans, a general parolee, purportedly failed to report to his parole officer or to inform the parole officer of his current residence.
The motion to dismiss the indictment was based upon Hagans's assertions that (1) at the time of the alleged escape he was not under detention as that term is legally defined, and (2) even if his status as a parolee was considered a form of detention, the indictment did not make out the offense of escape because it did not specifically allege that he had failed to report to the parole authority, nor did it otherwise expressly allege that he had absconded from supervision.
The trial court conducted a hearing on the motion. At the hearing, the prosecutor advised the court that the specific allegations were contained in the bill of particulars. According to the prosecutor, the specific allegations were that Hagans had "absconded from his parole" by failing to report to his parole officer and by failing to inform his parole officer of his current residence.[1] In response to the trial court's statement that the indictment was "an abuse of the state parole officer's use of the good services of the county," the prosecutor acknowledged that it was "an extremely technical violation." The trial court then granted the motion to dismiss the indictment.
The state argues initially that, because Hagans had allegedly failed to report to his parole officer on August 28, 1998, he was properly indicted for escape in accordance with this court's decisions in State v. Schultz (Aug. 7, 1998), Hamilton App. No. C-970954, unreported, and State v. Jeffers (Sept. 1, 1998), Hamilton App. No. C-980150, unreported. In those decisions, we held that a parolee could be convicted of escape, pursuant to the present versions of R.C. 2921.01(E) and2967.15(C)(2), only when the alleged offense occurred after March 17, 1998, the effective date of Senate Bill 2. (Former R.C.2967.15 [C][2] made expressly clear that a person released on parole was not to be considered in custody.)
Additionally, in State v. Snell (May 14, 1999), Hamilton App. No. C-980588, unreported, we held that R.C. 2967.021(A) prohibited a parolee released from a term of imprisonment that began prior to July 1, 1996, from being charged with the crime of escape, even if the alleged offense occurred after March 1998. The indictment here does not state when Hagans began serving his term of imprisonment. However, the indictment does state that he was under detention "for possession of cocaine, a felony of the fifth degree." A felony of the fifth degree, which is punishable by a maximum term of twelve months, was a creation of Senate Bill 2, and therefore it can be inferred logically that Hagans did not begin serving his prison term until after July 1, 1996.
There was, therefore, no legal impediment to the charge brought against Hagans. At the time of his alleged failure to report, in August 1998, he was under detention and was subject to an escape charge if his conduct could be construed as absconding from supervision.
The trial court, in granting the motion to dismiss, did not state on the record its findings of fact and reasons for the dismissal, as is required by Crim.R.48 (B). We interpret the trial court's statement that the indictment was an "abuse of the state parole officer's use of the good services of the county" to mean that the trial court felt that the charge was too trivial to prosecute. Such a reason, however, is not a proper basis for a trial court to dismiss an indictment.
In his brief, Hagans argues that the state had to produce "additional facts or evidence" to demonstrate that a crime had been committed in order to overcome his motion to dismiss the indictment. In this regard, he asserts that the trial court properly dismissed the indictment because there was no evidence before it to demonstrate that he had absconded, as that term is generally defined.
However, "[o]nly matters capable of determination without the trial of the general issue may be raised by pretrial motions." State v. O'Neal
(1996), 114 Ohio App.3d 335, 336, 683 N.E.2d 105, 106. There is no provision in Ohio for a motion to dismiss an indictment based on the lack of probable cause. State v. Hartley (1988), 51 Ohio App.3d 47, 48,554 N.E.2d 950, 951. "[A] motion to dismiss the indictment tests the sufficiency of the indictment, without regard to the quantity or quality of the evidence that may be produced by either the state or the defendant." State v. Paterson (1989), 63 Ohio App.3d 91, 95,577 N.E.2d 1165, 1167. Since we cannot say, as a matter of law, that a failure to report is never absconding, the determination of whether Hagans had "absconded from supervision," and was thus guilty of escape, could only be determined at trial.
In sum, we hold that the indictment was not insufficient to make out an offense under Ohio law. Accordingly, the judgment of the trial court dismissing the indictment is reversed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., and SUNDERMANN, JJ.
[1] The bill of particulars itself is not part of the record certified to this court.