ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant-appellant Carmen Menefee appeals in this accelerated appeal from the Bedford Municipal Court's order denying her motion to dismiss/suppress evidence. Defendant was charged with driving left of center and operating a motor vehicle while under the influence of alcohol. After the denial of her motion, she pleaded no contest to the driving under the influence charge and the other charge was dismissed.
The record indicates that in the early morning hours of November 23, 1998, a Bedford police officer received a radio report of a drunk driver operating a black Mazda vehicle. He subsequently encountered the vehicle and observed the driver, Menefee, operating her vehicle left of center. The officer conducted a traffic stop, sensed a strong smell of alcohol on defendant's person, and asked her to perform field sobriety tests. The officer's report indicates defendant failed the tests. Her breathalyzer test subsequently read .16, which was in excess of the statutory limit of .10 of one gram by weight of alcohol per two hundred ten liters of breath.
Defendant's sole assignment of error follows:
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS/MOTION TO SUPPRESS CONCLUDING THAT IT LACKED SUFFICIENT SPECIFICITY.
This assignment lacks merit.
 Motion to Dismiss
Defendant's motion in part sought to dismiss the charges against her because allegedly they were not supported by the facts. Specifically, she argued that one is permitted to drive left of center when the left lane is clearly visible and free of oncoming traffic for a sufficient distance to permit the maneuver without interfering with the safe operation of traffic. R.C.4511.29. Further, she claims the field sobriety tests she failed were conducted under duress in difficult environmental conditions by a biased officer and did not conform to National Highway Traffic Safety Administration ("NHTSA") guidelines. As a result, she argued, there was a lack of probable cause for her arrest and the "DUI" charge should, therefore, be dismissed.
Defendant's brief on appeal makes a five-sentence argument that her "motion to dismiss based on lack of probable cause" should have been granted. (Brief at p. 8.) The Ninth District Court of Appeals succinctly rejected this argument, stating as follows:
 Under Ohio's criminal procedure, there is no provision for a motion to dismiss a criminal case founded on the lack of probable cause. The determination of whether or not probable cause exists is the very function of trial. State v. McNamee
(1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843, Thus, the trial court properly denied this motion without a hearing.
State v. Hartley (1988), 51 Ohio App.3d 47, 48.
 Motion to Suppress
Defendant's motion to suppress argued that the statements she made to the officer in slurred speech were in some unspecified manner elicited in violation of her Miranda rights. She also argued that her breath alcohol test results of .16, which exceeded the maximum statutory level of .10, should be suppressed because the test allegedly failed to comply with all conceivable and potentially applicable statutory requirements and administrative regulations.
Defendant's motion to suppress statements filed in the trial court did not allege or specify in any way how the arresting officer violated her Miranda rights. Nor does her six-sentence argument in her brief on appeal to this court provide any insight into the basis for her assertion. It is well established that to warrant a hearing on a motion to suppress, however, a party must do more than simply cite Miranda or its progeny.
Crim.R. 47 governs the filing of such motions and specifically provides in part as follows:
 An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
 To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition. (Emphasis added.)
Moreover, Crim.R. 12 (E) governs the determination of pretrial motions to suppress and specifically provides in pertinent part as follows:
 (E) Ruling on motion. The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.
Under the circumstances, the trial court did not err or abuse its discretion by concluding that defendant's motion to suppress her statements to the officer failed to "state with particularity the grounds upon which it was made" or make any factual allegations to justify relief or warrant a hearing. Id.
Defendant also complains that the court failed to conduct an evidentiary hearing on her motion to suppress her breathalyzer test results. Her entire motion to suppress raised twenty-one arguments. Notably absent from the motion, however, was any request for the trial court to conduct an evidentiary hearing.[1]
In City of University Heights v. Morris (Apr. 18, 1996). Cuyahoga App. No. 69493, unreported, this court specifically held that the failure to request an oral hearing on a pretrial motion to suppress waived any claim of error concerning the failure to conduct a hearing. The Morris court reasoned as follows:
 * * * In State v. Feltner (1993), 87 Ohio App.3d 279, 283, the court held that the failure to request an oral hearing on a pretrial motion constituted a waiver of "the right to assign as error the court's failure to conduct a hearing." Accord State v. Haddix
(1994), 92 Ohio App.3d 221, 223 ("A trial court is not required to conduct an evidentiary hearing on a pretrial motion [to suppress] where no hearing is requested"). See, also, State v. McClure (June 14, 1985), Highland App. No. 537, unreported (defendant waived challenge to admissibility of tape as he failed to request a pretrial suppression hearing). Defendant failed to make a timely request for an oral hearing on her motion to suppress. We find that the trial court properly ruled on defendant's motion without conducting a hearing.
Id. at p. 2. Accord State v. Hartley, supra at 48.
Defendant argues that State v. Schindler (1994), 70 Ohio St.3d 54, mandates a hearing in the case at bar contrary to this authority. However, neither the Supreme Court nor the court of appeals opinions in Shindler addressed this issue. Neither opinion states whether the defendant in that case requested a hearing. Although defendant's motion in the case at bar raised some of the same issues as the defendant in Schindler, the record shows that she failed to request an oral evidentiary hearing.
This court and others have consistently held that failure to request an oral hearing on a pretrial motion to suppress waives any claim of error concerning the failure to conduct a hearing. Our opinion in Morris was entered after the Supreme Court's opinion in Schindler. Moreover, we again recently adhered toMorris in City of Warrensville Heights v. Hardin (Mar. 19, 1998), Cuyahoga App. No. 72470, unreported at p. 2. Under the circumstances, principles of stare decisis dictate that we reject defendant's argument in the case at bar.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., CONCURS, and ANN DYKE, P.J., CONCURSIN JUDGMENT ONLY.
 ______________________________ DIANE KARPINSKI JUDGE
[1] Counsel was mistaken in his contention to the contrary during oral argument.