DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin A. Flanagan appeals the Lawrence County Municipal Court's denial of his motion to dismiss the charge of operating a motor vehicle while under the influence (OMVI). Appellant argues that the trial court should have dismissed the charge because the field sobriety tests administered by the arresting officer did not establish probable cause for his arrest. We conclude that Appellant's motion was improperly styled a motion to dismiss because lack of probable cause to arrest can only result in suppression of illegally obtained evidence, not in dismissal of charges. However, even treating Appellant's motion as one for suppression, we conclude that the court properly denied the motion. We do so because the totality of the facts and circumstances were sufficient to cause a prudent person to believe Appellant was operating a motor vehicle under the influence due to the odor of alcohol on his person or his breath, his bloodshot eyes, his indication of four of six clues on the horizontal gaze nystagmus (HGN) test, and his poor performance on two field sobriety tests.
 {¶ 2} One morning, at approximately 5:00 a.m., Trooper Chad Cantor of the Ohio State Highway Patrol observed Appellant traveling at a rate of 95 miles per hour in a 55 miles per hour speed zone. Trooper Cantor stopped Appellant's vehicle to issue a citation. When he approached the vehicle, Trooper Cantor noticed a strong odor of alcohol and saw that Appellant's eyes were bloodshot. Trooper Cantor directed Appellant to sit in the front seat of the patrol car. Trooper Cantor administered the HGN test to Appellant, obtaining four of the six possible clues. Based on these results, Trooper Cantor decided to administer field sobriety tests.
 {¶ 3} Trooper Cantor instructed Appellant to exit the patrol car and perform the "walk and turn" and the "one leg stand" tests. According to Trooper Cantor, Appellant performed poorly on both of these tests so Trooper Cantor arrested Appellant for driving under the influence. A breathalyzer test taken at the patrol post registered Appellant's blood alcohol level at .111%.
 {¶ 4} Appellant filed a motion to dismiss all charges against him on the basis that his arrest was made without probable cause. Following a hearing during which Trooper Cantor and Appellant testified, the court concluded that there was sufficient evidence to arrest Appellant and denied the motion to dismiss. Appellant pled no contest to the OMVI charge and filed a timely appeal.
 {¶ 5} In his sole assignment of error, Appellant asserts that the trial court erred in denying his motion to dismiss because the field sobriety tests did not establish probable cause for his arrest.
 {¶ 6} In Ohio, there is no provision for a motion to dismiss a criminal case based on the lack of probable cause. State v. Hartley
(1988), 51 Ohio App.3d 47, 48, 554 N.E.2d 950. Rather, a motion to dismiss tests the sufficiency of the charging document without regard to the quantity or quality of evidence which may eventually be produced by the State. State v. Daily (Jan. 15, 1998), Athens App. No. 97CA25, citingState v. Patterson (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165.
 {¶ 7} Appellant does not contend that the charging document filed against him was facially invalid. Instead, he argues that the officer lacked probable cause to arrest him and, therefore, the OMVI charge should have been dismissed. However, lack of probable cause to arrest does not require dismissal of the State's case; it merely requires the court to suppress illegally obtained evidence. Daily, supra, citingUnited States v. Crews (1980), 445 U.S. 463, 474, 100 S.Ct. 1244,63 L.Ed.2d 537, 547; Blanchester v. Hester (1992), 81 Ohio App.3d 815, 820. The result of a finding of lack of probable cause is that all evidence derived from the unconstitutional arrest is unavailable to the State in its case-in-chief. Daily, supra, citing Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081. However, the State may continue prosecution even absent the suppressed evidence if it chooses.
 {¶ 8} Therefore, Appellant should have filed a motion to suppress the evidence obtained as a result of his arrest, rather than a motion to dismiss. A review of the record, however, reveals that the trial court conducted a hearing, took evidence and treated Appellant's motion as one to suppress. In the interest of justice, we will do the same.
 {¶ 9} Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. State v. McNamara
(1997), 124 Ohio App.3d 706, 707 N.E.2d 539, citing United States v.Martinez (C.A. 11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Carter, 72 Ohio St.3d 545, 552, 1995-Ohio-104,651 N.E.2d 965. We must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. We then apply the factual findings to the law regarding suppression of evidence. Where the trial court fails to make factual findings,[1] we look directly to the record to determine if "there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record." State v. Brown, 64 Ohio St.3d 476, syllabus, 1992-Ohio-96,597 N.E.2d 97. Finally, we review the trial court's application of the law to those facts under the de novo standard of review. State v.Anderson (1995), 100 Ohio App.3d 688, 654 N.E.2d 1034.
 {¶ 10} The standard for determining whether the police have probable cause to arrest an individual for OMVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was operating a motor vehicle while under the influence. State v. Homan, 89 Ohio St.3d 421,427, 2000-Ohio-212, 732 N.E.2d 952, citing Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; State v. Timson
(1974), 38 Ohio St.2d 122, 127, 311 N.E.2d 16. When making this determination, the trial court should consider the totality of facts and circumstances surrounding the arrest. Homan, citing State v. Miller
(1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703, and State v.Brandenburg (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906, 908.
 {¶ 11} Trooper Cantor testified that Appellant had a strong odor of alcohol on his person or his breath, his eyes were bloodshot, he demonstrated four of the six clues on the HGN test, and he performed poorly on the "walk and turn" and "one leg stand" tests. Appellant argues that this evidence does not support his arrest because Appellant's speech was not slurred, he did not demonstrate two of the clues on the HGN test, and he performed the two field sobriety tests with only minor difficulties. Appellant argues that these difficulties were caused by Trooper Cantor's unclear instructions and the cowboy boots Appellant wore at the time of his arrest.
 {¶ 12} Our review of the record reveals sufficient evidence to support the trial court's finding that Trooper Cantor had probable cause to arrest Appellant for OMVI. While Appellant attempts to explain the mistakes he made during the field sobriety tests, he nonetheless performed poorly on them. These poor performances in conjunction with the odor of alcohol on his person or breath, his bloodshot eyes, and his demonstration of four clues on the HGN test constitute sufficient evidence to cause a prudent person to believe that Appellant was operating a motor vehicle while under the influence of alcohol. Therefore, Trooper Cantor had probable cause to arrest Appellant for OMVI and the trial court properly denied Appellant's motion.
 {¶ 13} Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] Crim.R. 12(F) requires a court to state its essential finding on the record where factual issues are involved in determining a motion.