Defendant-appellant, Samuel Lomack, appeals from a judgment of the Franklin County Court of Common Pleas, whereby appellant was convicted of two counts of robbery, pursuant to a jury trial. The two counts arose out of the same incident that took place on December 29, 1997. Plaintiff-appellee, the state of Ohio, alleged that appellant used force against, and caused physical harm to, Jerry Miller while committing theft.
Before the trial, appellant moved to suppress from evidence Miller's pre-trial identification of appellant as the man who robbed him, which was made after appellant was arrested. Appellant also moved to suppress a red coat found in appellant's home. Appellant argued that the coat and the identification were fruits of Officer Smith's warrantless entry into his home. The testimony at the suppression hearing established that, on the night Miller was robbed, he talked to Officer Smith about the robbery and informed her that he knew where the assailant lived. That night Officer Smith drove Miller to the suspect's house. As they approached the house, Officer Smith and Miller saw a man hide behind a pillar on the front porch. Miller told Officer Smith that the man on the porch was the man who robbed him. The man on the porch, later identified as appellant, began to run into his house when Officer Smith exited her police car. Officer Smith grabbed at appellant, but he successfully fled into the house with the help of another woman on the porch. In order to enter the house to make the arrest, Officer Smith entered appellant's home through a window. She found appellant on a couch feigning sleep and arrested him. While in the room, Officer Smith found a red coat near the couch. The coat matched Miller's description of what his assailant was wearing. After Officer Smith arrested appellant, Miller identified appellant as the man who robbed him. Moreover, Miller confirmed that the coat found by Officer Smith was the coat worn by appellant when he robbed him. The trial court held that the warrantless entry into appellant's home was valid because Officer Smith was in hot pursuit of him. As such, the trial court allowed the red coat and the pre-trial identification to be admitted into evidence.
Appellant appeals, assigning the following error:
 "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE FRUITS OF LAW ENFORCEMENT'S WARRANTLESS ENTRY INTO DEFENDANT'S RESIDENCE CONTRA HIS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS."
Appellant contends that the trial court erred by failing to suppress from evidence Miller's pre-trial identification and the red coat found in appellant's house. Appellant bases his contention on the fact that Officer Smith did not have probable cause to arrest appellant and that Officer Smith was not justified in entering appellant's home without a warrant. We disagree.
In reviewing a trial court's determination on a motion to suppress evidence, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. New Albany v. Dalton (1995),75 Ohio App.3d 307, 312. As noted below, we conclude that competent, credible evidence existed to support the trial court's finding that Officer Smith's warrantless entry into appellant's home was valid.
Police officers have probable cause to arrest a suspect when the officer has knowledge of facts and circumstances or reasonable, trustworthy information sufficient to allow a prudent person to believe the suspect has committed the offense. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,225-226; State v. Smith (1994), 96 Ohio App.3d 130, 132. In this case, during the suppression hearing, Officer Smith testified that Miller told her that he knew where his assailant lived. Miller explained to Officer Smith that he delivered a newspaper to the man at his house earlier that summer. When Officer Smith and Miller drove to the suspect's house, they saw a man on the porch. Miller told Officer Smith that the man on the porch was the man who robbed him. The man, later identified as appellant, hid behind a pillar as Officer Smith approached in her police car. When Officer Smith exited her car, appellant fled into his house and slammed the door. A woman on the porch helped appellant escape into the house and began shoving Officer Smith. Accordingly, based on the testimony noted above, we hold that Officer Smith possessed the requisite information to believe that appellant robbed Miller and, thus, had probable cause to arrest appellant.
Additionally, we find that Officer Smith was justified in making a warrantless entry into appellant's house. Police officers who have probable cause to arrest a suspect may enter a home without an arrest warrant when exigent circumstances justify the entry. Payton v. New York (1980), 445 U.S. 573,586, 100 S.Ct. 1371, 1380. One circumstance that justifies a warrantless entry into the home is when police are in "hot pursuit" of a fleeing suspect. United States v. Santana (1976),427 U.S. 38, 42-43, 96 S.Ct. 2406, 2409-2410; Warden, MarylandPenitentiary v. Hayden (1967), 387 U.S. 294, 87 S.Ct. 1642. Under the "hot pursuit" exception to the warrant requirement, a person cannot avoid arrest by escaping from a public place to a private place. Santana, at 42-43; Cleveland v. Shields
(1995), 105 Ohio App.3d 118, 121-122. In such circumstances, police may follow the person into a private place to complete a lawful arrest initiated in public. Santana, at 43; Shields, at 121-122. In this case, Officer Smith attempted to arrest appellant while he was in a public place; he was standing on his porch. See Santana, at 42 (noting that a porch is a public place). Appellant fled from Officer Smith and escaped into his house. As such, we hold that Officer Smith was in hot pursuit of appellant and was justified in entering appellant's house to complete an arrest initiated in public.
Because we hold that the entry and arrest in this case were valid, we conclude that Miller's pre-trial identification of appellant, which was made after appellant was arrested, was not fruit of an illegal entry and arrest. Moreover, we recognize that Miller initially identified appellant as his assailant before Officer Smith entered the house to make the arrest. Therefore, we hold that the trial court did not err in failing to suppress Miller's pre-trial identification of appellant.
Additionally, we conclude that Officer Smith's search, which produced the red coat, was valid. An arresting officer may make a warrantless search of the area into which an arrested person can grab a weapon or evidence. Chimel v. California (1969),395 U.S. 752, 762-763, 89 S.Ct. 2034, 2040. In this case, right after Officer Smith found appellant, she found the red coat near the couch upon which appellant was found. We note that Officer Smith was justified in concluding the coat had evidentiary value because it had bloodstains and matched the description of a coat that Miller told Officer Smith his assailant was wearing. As such, we hold that the trial court did not err in failing to suppress the red coat.
In summary, we hold that Officer Smith's warrantless entry into appellant's home was valid and that the trial court did not err in failing to suppress Miller's pre-trial identification and the red coat found in appellant's home. Thus, based on the foregoing reasons, appellant's sole assignment of error is overruled, and we affirm the Franklin County Court of Common Pleas' judgment convicting appellant of two counts of robbery.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.