OPINION.
The defendant-appellant, Marcus Banks, appeals from his conviction for obstructing official business, a violation of R.C.2921.31(A). In his two assignments of error, Banks asserts (1) that his conviction was based upon insufficient evidence, and (2) that the trial court erred by overruling his motion to dismiss the complaint for failure to allege a criminal offense. Because the state failed to offer any evidence that the police conduct that Banks was convicted of obstructing — a warrantless entry into his brother's apartment at three o'clock in the morning in pursuit of a wanted man — was lawful, we find merit in the first assignment of error. Therefore, we reverse.
 I.
On the night of Banks's arrest, Officer Bridget Bardua and her partner received a radio dispatch to "look for a wanted subject" at an apartment building. She and her partner proceeded to the location and saw a man meeting the description of the subject, who then proceeded to run into one of the apartments. She and her partner followed, but the subject slammed the door. At that point, Officer Bardua testified, the officers "forced entry."
The sequence of events that followed is a matter of some confusion in the record. There were several people in the apartment, Banks among them. Banks was the brother of the apartment owner. Banks denied staying at the apartment. Rather, he stated that he was "just visiting." The suspect was Banks's "brother's ex-wife's brother-in-law." According to Banks, he awoke to a "ruckus." When he went into the front room to find out what it was about, he said that he was immediately "placed on the ground with someone's foot in my neck and a gun to my head."
Officer Bardua testified that she went farther into the apartment to secure the bedroom. At some point, either before or after the suspect was discovered hiding in a bathroom and placed under arrest — Banks got up from the floor and caught up with Officer Bardua as she was about to enter the bedroom. Officer Bardua testified that Banks pushed past her and told her that she could not enter. According to Officer Bardua, Banks positioned himself in her path and prevented or delayed her passage for a matter of seconds until she placed him under arrest. Banks, on the other hand, suggested that his arrest was provoked by an exchange of heated words between him and Officer Bardua. Banks claimed that he was particularly incensed by the police intrusion into the bedroom because of the presence of children.
In its written findings of fact and conclusions of law, the trial court found Officer Bardua's version of the facts more credible than that of Banks. Further, the trial court concluded that Banks's conduct in blocking Officer Bardua's entry into the bedroom, although consuming only a matter of seconds, was sufficiently obstructive to have hampered, impeded, or delayed her in the performance of her duties.
The trial court then addressed the issue whether Banks's conduct was privileged. As part of that analysis, the trial court examined the question whether Officer Bardua was acting lawfully. The trial court noted that "the evidence does not show whether the police had a search warrant and does not show, sufficient for [the court] to find, that any exigent circumstance existed." In particular, the trial court found that there was no evidence whether the fugitive was being pursued for a felony or a misdemeanor. Consequently, the trial court concluded, there was "a serious question whether the police had a right to enter the apartment and search for the fugitive."
The trial court reasoned, nonetheless, that Banks could not challenge the legitimacy of the police entry because there was no evidence that he was an overnight guest in the apartment, and therefore the evidence did not demonstrate that he possessed a reasonable expectation of privacy in the apartment under the Fourth Amendment. According to the court, "Without a legitimate expectation of privacy in the apartment, the police actions were lawful as to Mr. Banks and he had no privilege to hamper or impede them."
 II.
In his first assignment of error, Banks argues that the evidence was insufficient to convict him of obstructing official business. We agree.
R.C. 2921.31 states in pertinent part:
 (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
Banks argues that the evidence was insufficient to show either that (1) he hampered or impeded Officer Bardua in any significant way, or (2) that Officer Bardua was engaged in a lawful search of the premises at the time of his alleged obstruction. Because the answer to the second argument is so clear and dispositive of this case, we address it directly.
Consistent with its burden of proof, the state was required to demonstrate that Officer Bardua was acting lawfully when Banks stepped in front of her and blocked her path into the bedroom. This necessarily entailed a demonstration that her presence in the apartment was lawful. As we have already noted, she and her partner "forced entry" into the apartment. The trial court found, and our review of the record confirms, that there was no evidence that the police had a search warrant. Thus, part of the state's burden at trial was to present evidence upon which the trier of fact could find that the forced entry into the apartment was justified under some exception to the warrant requirement.
One of the exceptions to the warrant requirement is that which permits a warrantless arrest for a felony in a home if both probable cause to arrest and exigent circumstances exist. Paytonv. New York (1980), 445 U.S. 573, 583-590, 100 S.Ct. 1371,1378-1382; State v. Jenkins (1995), 104 Ohio App.3d 265, 268,661 N.E.2d 806, 808. Exigent circumstances include an emergency situation in which the police are in "hot pursuit"; when the police have reasonable cause to believe that someone in a home is in need of immediate aid; or when delay would permit the loss, removal, or destruction of evidence or contraband. Mincey v.Arizona (1978), 437 U.S. 385, 393-393, 98 S.Ct. 2408, 2413-2414.
As the trial court noted, the state did not present any evidence why the "wanted subject" was wanted — whether it was for a felony or a misdemeanor or an unpaid traffic ticket. This omission was critical because the gravity of the underlying offense is considered a principal factor in determining the applicability of the exigent-circumstances exception. As the United Supreme Court has made clear, "application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense * * * has been committed."Welsh v. Wisconsin (1984), 466 U.S. 740, 753, 104 S.Ct. 2091,2098-2099. According to the Court, "it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor." Id. This language is generally held to mean that the underlying offense must be some degree of felony: misdemeanors are excluded. Jenkins, supra; Cleveland v. Shields (1995), 105 Ohio App.3d 118,122, 663 N.E.2d 726, 728. Additionally, it should be pointed out that there was no evidence presented in this case that the fleeing subject was armed or that he was even considered dangerous.
We agree with the trial court, therefore, that the record does not support the existence of any exigent circumstance sufficient to justify a warrantless entry into the apartment where Banks was visiting. However, we disagree with the trial court, and with the state's argument on appeal, that the state's failure to produce sufficient evidence that Officer Bardua was in the apartment lawfully was irrelevant because Banks was merely a visitor in the apartment.
Concededly, if Banks had sought to suppress some otherwise admissible evidence obtained as a result of the police entry into the apartment, he would have been required to show that he had possessed a reasonable expectation of privacy in the area intruded upon. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514. If he could not, he would have lacked standing to challenge the evidence seized. This analysis is inapposite, however, to the situation where the state is required to demonstrate, as part of the elements of the offense, that a police officer was acting lawfully. By simple virtue of his being named defendant, Banks had an absolute right to challenge the sufficiency of the evidence as to every element of the crime with which he was charged.
Because the evidence did not demonstrate any legal justification for the forced entry into the apartment, Officer Bardua's presence in the apartment, no matter how well intended, bore no greater status that that of a trespasser. Thus the state failed to produce evidence that Banks acted without privilege when he attempted to block her passage into the bedroom. Anyone in the apartment with permission of the owner, particularly a family member, had rights superior to those of Officer Bardua and was therefore privileged, within reason and without violence or threat of violence, to challenge her presence. There is no legal requirement that a citizen has to be silently obeisant when the police, without right or license, come forcefully through the door of a private residence at three o'clock in the morning.
Accordingly, we find merit in the first assignment of error on this issue. We do not address the other issue under this assignment, or the other assignment of error, since they are rendered moot. The state having failed to produce sufficient evidence that Officer Bardua was lawfully on the premises of the apartment, and that Banks was therefore without privilege to challenge her presence, his conviction for obstructing official business is reversed. He is hereby ordered discharged from further prosecution.
Judgment reversed and appellant discharged.
DOAN, P.J., and PAINTER, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.