OPINION
On October 3, 1999, two Ohio State Highway Patrol Troopers clocked appellee, Donald Caldwell, traveling 63 m.p.h. in a 55 m.p.h. zone. The troopers stopped appellee. One trooper smelled a strong odor of alcoholic beverage on appellee's breath. While this trooper asked appellee questions, the other trooper removed appellee's keys from the ignition. Following an investigation, appellee was cited for speeding in violation of R.C. 4511.21 and driving under the influence in violation of R.C.4511.19.
On December 30, 1999, appellee filed a motion to suppress claiming the troopers did not have probable cause to arrest him. A hearing was set for January 13, 2000. By decision and journal entry filed April 10, 2000, the trial court granted the motion.
Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I IT WAS ERROR FOR THE COURT TO ALLOW THE FILING OF THE MOTION TO SUPPRESS OUT OF RULE AND OUT OF ORDER OF THE COURT.
 II IT WAS ERROR FOR THE COURT TO FIND THAT THE REMOVAL OF THE KEYS FROM THE IGNITION WAS AN ARREST.
 I
Appellant claims the trial court erred in entertaining the motion to suppress because it was untimely filed. We disagree.
Crim.R. 12(C) governs pretrial motion dates and states "[a]ll pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Appellee was arraigned on October 4, 1999 and the motion to suppress was filed on December 30, 1999. Clearly the motion sub judice was untimely. However, during the December 20, 1999 pretrial, the trial court extended the Crim.R. 12(C) time parameters to December 27, 1999.
Although appellee's motion was untimely filed pursuant to the extension deadline, the trial court had discretion to consider it "in the interest of justice." In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
Upon review, we cannot find that the trial court abused its discretion in entertaining the motion filed three days late when an extension had already been granted.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in determining there was no probable cause to arrest appellee for driving under the influence. We agree.
The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates (1983), 462 U.S. 213. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
In its decision and journal entry filed April 10, 2000, the trial court granted appellee's motion to suppress, finding "that the State Patrolman's taking of the keys constituted arrest and prior to that time, probable cause did not exist to make an arrest for operating a motor vehicle while under the influence of alcohol." Appellant argues the seizure of appellee's keys from the ignition of the vehicle was not an arrest. Appellant's Brief at 4.
The following evidence was stipulated to by the parties:
 The parties stipulate that the Defendant was stopped by the State Highway Patrol for a speeding violation;
 The parties stipulate that one of the police officers approached the vehicle and detected what he characterized as a strong odor of alcoholic beverage on the Defendant's breath and had the Defendant exit the vehicle;
 The parties stipulate that as that officer began to administer the horizontal gaze nystagmus test to the Defendant that another police officer removed the Defendant's keys from the Defendant's vehicle;
The trial court did not find that probable cause arose during the horizontal gaze nystagmus test and before appellee was placed in the cruiser:
 Because of this finding, the Court does not reach whether or not probable cause exists, after the time the keys were removed and before the Defendant was placed in the State Patrol's cruiser.
See, Decision and Journal entry filed April 10, 2000.
The very narrow question presented for review is whether the taking of the keys from the ignition was an arrest and whether probable cause existed prior to the seizure of the keys.
In State v. Darrah (1980), 64 Ohio St.2d 22, 26, Chief Justice Celebrezze defined arrest as follows:
 This court previously held in State v. Barker (1978), 53 Ohio St.2d 135, 139, certiorari denied, 439 U.S. 913, as follows:
 `The word "arrest" is derived from the French "arreter," meaning to stop or stay, as signifies a restraint of a person. Alter v. Paul (1955), 101 Ohio App. 139, 141. An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. State v. Terry (1966), 5 Ohio App.2d 122, 128, citing State v. Milam (1959), 108 Ohio App. 254, 268; * * *.' Cf. Delaware v. Prouse (1979), 440 U.S. 648, 59 L.Ed.2d 660; United States v. Robinson (1973), 414 U.S. 218; Adams v. Williams (1972), 407 U.S. 143; Terry v. Ohio (1968), 392 U.S. 1; Toledo v. Lowenberg
(1955), 99 Ohio App. 165.
 Furthermore, an arrest, in the technical, as well as the common sense, signifies the apprehension of an individual or the restraint of a person's freedom in contemplation of the formal charging with a crime. United States v. Bonanno (S.D.N.Y. 1960), 180 F. Supp. 71; Patterson v. United States (C.A.5, 1951), 192 F.2d 631, 633 (dictum), certiorari denied, 343 U.S. 951. See, also, 5 American Jurisprudence 2d 698, Arrest, Section 3; American Law Institute, Code of Criminal Procedure, Section 18. [Footnote omitted.]
An arrest is the "quintessential `seizure of the person'." Californiav. Horadi D. (1991), 499 U.S. 621, 624.
The trial court found the taking of the keys from the ignition to be an arrest pursuant to State v. Finch (1985), 24 Ohio app.3d 38. Finch is factually distinguishable from the facts sub judice. In Finch, the police officer arrested the driver and took his keys simply because he looked like he might be intoxicated. "The taking of the keys was an act incident to the arrest." See, State v. Smith (1994), 96 Ohio App.3d 130,133. In Smith, the taking of the keys from the ignition was done in connection with the administration of field sobriety tests as in the casesub judice. The Smith court found no arrest had been made until after the tests had been completed.
In Finch, only one police officer was involved. When the police officer took the keys from the ignition, the seizure or detention of the individual was "so understood by the person arrested." Darrah, supra.
In this case, the second trooper took the keys from the ignition while the first trooper began to administer the horizontal gaze nystagmus test to appellee. See, Stipulation No. 3, supra. There is no evidence to suggest that the seizure or detention of appellee was "understood" by appellee as a consequence of taking the keys.
Upon review, we find there was no "arrest" until after the field sobriety tests were concluded and appellee was finally placed under arrest by the troopers. The trial court erred in granting appellee's motion to suppress.
Assignment of Error II is granted.
The judgment of the County Court of Morgan County, Ohio is hereby reversed and remanded.
By Farmer, J.
Hoffman, P.J. and Reader, V.J. concur.
 JUDGMENT ENTRY
CASE NO. CA00-05
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Morgan County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.