{¶ 1} This is an appeal of the denial of a motion to dismiss the charge in a traffic case. Appellant Robert Hocker was cited for driving under a suspended license. At the suppression hearing, the officer testified that he knew Appellant did not have a valid license because the officer had stopped Appellant two weeks earlier and discovered the suspension during that stop. The officer also confirmed that the license suspension was still in effect prior to stopping Appellant's vehicle. Appellant denies that he ever had any previous contact with the officer. This appeal involves a dispute over the credibility of the officer, and we defer to the trial court's judgment in matters concerning the credibility of witnesses. The judgment of the trial court is affirmed.
 {¶ 2} Although some facts in this case are disputed, both parties agree that Officer Chad Dojack stopped Appellant on July 26, 2002, and gave Appellant a citation for driving while under a Financial Responsible Act ("FRA") license suspension, in violation of R.C. 4507.02(B). There seems to be no dispute that Appellant actually was under a FRA suspension until August of 2005.
 {¶ 3} A public defender was appointed to represent Appellant. On September 4, 2002, Appellant filed a Motion to Dismiss, arguing that there was no probable cause for Officer Dojack to stop his vehicle. The court held a hearing on the motion on October 17, 2002, and overruled the motion by Journal Entry filed the same day.
 {¶ 4} On January 28, 2003, Appellant enter a plea of no contest, and was sentenced to thirty days in jail, twenty days suspended, a $300 fine, one year of probation, and court costs. Appellant filed this timely appeal on February 11, 2003.
 {¶ 5} Appellant's sole assignment of error asserts:
 {¶ 6} "THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS AN UNLAWFUL STOP IN VIOLATION OF THE FOURTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 {¶ 7} Appellant argues that Officer Dojack did not have probable cause to stop his vehicle. It should be noted from the outset that, "[t]here is absolutely no provision in the Ohio Rules of Criminal Procedure with respect to a motion to dismiss a criminal case that is founded upon a lack of probable cause." State v. Lloyd (1998),126 Ohio App.3d 95, 100, 709 N.E.2d 913 (Seventh Dist.). "The proper remedy for Fourth Amendment violations is suppression of the evidence, not dismissal of the charges." Cleveland v. Shields (1995),105 Ohio App.3d 118, 123, 663 N.E.2d 726, 729 (Blackmon, J., concurring). The trial court was correct in overruling Appellant's motion simply because the court could not grant the relief asked for in Appellant's motion.
 {¶ 8} Assuming arguendo that the trial court treated Appellant's motion as a motion to suppress, Appellant's argument on appeal boils down to a dispute over the credibility of Officer Dojack's testimony. Officer Dojack testified that he had stopped Appellant for having a loud exhaust on his vehicle approximately two weeks prior to the stop at bar, here. (Tr., p. 5.) Officer Dojack did not issue a citation for the exhaust problem. Instead, he simply told Appellant to get the problem fixed. After Officer Dojack left the scene, he received a message from his dispatcher that Appellant was under a FRA suspension until 2005. Officer Dojack did not go back and issue a citation for the FRA suspension at that time. (Tr., p. 6.)
 {¶ 9} Officer Dojack testified that he subsequently saw Appellant driving on July 26, 2002, and called in a license search to see if Appellant's FRA suspension was still in effect. (Tr., p. 6.) The dispatcher confirmed that the FRA suspension was still in effect. The officer then stopped Appellant's vehicle and issued the citation.
 {¶ 10} Appellant testified at the hearing that he had never met Officer Dojack before July 26, 2002, which was the date he received the FRA citation. (Tr., pp. 13-14.) Appellant denied ever having been stopped for an exhaust problem or ever having been warned by Officer Dojack of an exhaust problem. Appellant also testified that the vehicle he was driving on July 26, 2002, was registered to his mother and not to him.
 {¶ 11} Appellant's argument on appeal is that Officer Dojack had no probable cause to stop him on July 26, 2002, because the officer did not know Appellant and because a vehicle registration check would only have indicated that the vehicle belonged to Appellant's mother. The problem with this argument is that Officer Dojack testified that he did know Appellant and that he had prior information about the license suspension.
 {¶ 12} The standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9. This standard is appropriate because, "`[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'"State v. Hopfer (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321. Once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standards. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 13} In order to make an investigatory stop of a vehicle, a law enforcement officer is not required to have probable cause, but must have at least a reasonable suspicion of criminal activity. State v. Bobo
(1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus. Reasonable suspicion means the officer, "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the stop]." Bobo at 178, 524 N.E.2d 489, citing Terry v. Ohio (1968), 392 U.S. 1, 20-21,88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 14} "[I]f the specific and articulable facts indicate to the officer that the driver of an automobile may be committing a criminal act, which includes a violation of a traffic law, the officer can justifiably make an investigative stop." State v. Norman (1999),136 Ohio App.3d 46, 53, 735 N.E.2d 953.
 {¶ 15} Officer Dojack gave a reasonable explanation for making the traffic stop. He testified that he recognized Appellant, knew he was subject to an FRA suspension, and verified the FRA suspension with the dispatcher. The trial court believed Officer Dojack's testimony concerning the reasons for stopping Appellant. Appellant merely contradicted the officer's testimony, without giving any additional evidence to support his contention that the officer made a random and unjustified traffic stop on July 26, 2002. Thus, the record contains clear evidence supporting the trial court's factual conclusion, and we will defer to the trial court's decision regarding the credibility of the witnesses.
 {¶ 16} Appellant also notes that Officer Dojack did not provide any evidence that the source who told him about the FRA suspension was a reliable source. The Ohio Supreme Court has held that, "[a] police officer need not always have knowledge of the specific facts justifying a stop and may rely, therefore, upon a police dispatch or flyer." Maumeev. Weisner (1999), 87 Ohio St.3d 295, 297, 720 N.E.2d 507. The Weisner
court further held that, "where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Id. at 298.
 {¶ 17} In the instant case, the state submitted documents showing that Appellant was indeed under FRA suspension at the time of the traffic stop. Officer Dojack himself knew that Appellant had recently been subject to FRA suspension. Therefore, the facts surrounding the radio dispatch justify the conclusion that Appellant was engaged in illegal activity by driving the vehicle.
 {¶ 18} The record supports the factual findings of the trial court, and Appellant's sole assignment of error is overruled. The trial court's decision is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.