[Cite as *State v. Booker*, 2012-Ohio-162.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96935

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE BOOKER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540136

**BEFORE:** Celebrezze, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEY FOR APPELLANT**

John T. Castele
614 West Superior Avenue
Suite 1310
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   James M. Price
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113
FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, George Booker, appeals the judgment of the common pleas court that denied his motion to suppress evidence.   After a careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶ 2} Appellant was named in a two-count indictment charging drug trafficking in violation of R.C. 2925.03(A)(2), with a schoolyard specification, and possession of criminal tools in violation of R.C. 2923.24.   Appellant filed a motion to suppress evidence, which was denied by the trial court.   On April 19, 2011, appellant entered a plea of no contest to the indictment, preserving his right to appeal the trial court's denial of his motion to suppress.   The trial court advised appellant of his constitutional rights and penalties and, having

considered the evidence presented, found appellant guilty of drug trafficking and possession of criminal tools. On May 19, 2011, appellant was sentenced to an eight-day term of imprisonment with credit for time served.

{¶ 3} At the suppression hearing, Samuel Williams testified that he was employed by Premier Protective Services as a security guard at The Oaks Apartments. Williams testified that on July 23, 2011, he filed a police report with the Euclid Police Department alleging that appellant harassed and threatened him while he was on duty at the apartment complex. On July 24, 2011, the Euclid Police Department responded to appellant's apartment to investigate Williams's complaint.

{¶ 4} Detective Benjamin Kreischer, of the Euclid Police Department narcotics unit, testified that he approached appellant's apartment complex with Detective David Carpenter at approximately 8:37 p.m. Det. Kreischer testified that he was walking toward appellant's front door when Det. Carpenter stated, "Oh my God, look at this." Det. Kreischer testified that he looked to see "Mr. Booker sitting on a couch in front of a coffee table and he had sandwich baggies, and he, clear as day, was opening up the big baggie and he was pulling on baggie corners with his teeth and putting a large bag of marijuana and separating it into smaller baggies, knotting it, and then tearing it off with his teeth, and then putting that bagged marijuana back on the coffee table."

**{¶ 5}** Det. Carpenter testified that "[i]t was dusk out, almost dark * * * [t]here were lights on inside the apartment. And through that opening I could see who we later determined to be Mr. Booker sitting on the couch tearing open packages of marijuana with his teeth and repackaging them."

**{¶ 6}** At that time, the detectives knocked on appellant's apartment door and announced their presence. Det. Kreischer testified that the detectives requested permission to enter and when appellant stepped back, they followed him into the apartment. Det. Kreischer testified that the marijuana was still in plain view on the coffee table. After appellant had been arrested and secured, Det. Carpenter performed a routine protective sweep of the apartment. It was during the process of conducting the protective sweep that Det. Carpenter noticed a scale and a box of .45 caliber ammunition in an open kitchen cabinet. Det. Carpenter testified that everything he found was in plain view.

**{¶ 7}** Appellant testified that he did not open his apartment door for the detectives. Rather, appellant stated that the detectives opened the door and walked into the apartment uninvited, and Det. Kreischer had drawn his weapon and pointed it at him. Appellant also testified that the detectives opened cabinets and overturned furniture in the apartment. Appellant admitted that he was in possession of a small amount of marijuana for his personal use, but denied having any marijuana on his coffee table at the time

the officers entered his apartment. Appellant testified that he did not own a firearm and that the .45 caliber ammunition was for "scrapping purposes."

{¶ 8} Appellant raises this timely appeal, assigning one error.

## Law and Analysis

### I. Suppression of Evidence

{¶ 9} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Appellant contends that, "even if everything the officers testified to was true, they had no right to enter [his] apartment without a warrant."

{¶ 10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In deciding a motion to suppress, the trial court assumes the role of trier of fact. *Id.* A reviewing court is bound to accept those findings of fact if they are supported by competent, credible evidence. *Id.* But with respect to the trial court's conclusion of law, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶ 11} The Fourth Amendment of the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 12} The home is the most inviolable of places, *Kyllo v. United States*, 533 U.S. 27, 38, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001), and with only very few exceptions are government agents justified in entering it without a warrant. "[A] search conducted without a warrant issued upon probable cause is per se unreasonable [and is] subject only to a few specifically established and well-delineated exceptions." *State v. Posey*, 40 Ohio St.3d 420, 427, 534 N.E.2d 61 (1988), citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). If a search or seizure is found to be unreasonable, the evidence derived from the unreasonable search or seizure is subject to exclusion. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

{¶ 13} In the case subjudice, it is evident that Dets. Kreischer and Carpenter had probable cause to believe a crime was afoot.[1] There was nothing constitutionally infirm about the detectives being on the subject property or observing the illegal activity (i.e. drug trafficking) taking place

---

[1]The state contends that probable cause was established by the plain view doctrine. Under the plain view doctrine, "an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was 'immediately apparent' that the item was incriminating." *Id.*, citing *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

therein. There is no question that police are privileged to go upon private property in the exercise of their duties. *State v. Israel*, 1st Dist. No. C-961006, 1997 WL 598396 (Sep. 26, 1997). Dets. Kreischer and Carpenter testified that they were responding to a police report of harassment at appellant's residence when they viewed appellant through his front window. Such conduct was manifestly within the scope of their official duties. Moreover, the illegal activity at issue here (i.e. drug trafficking) was immediately apparent and clearly visible to the detectives.

{¶ 14} However, this brings us to the considerably more problematic question of whether the officers could lawfully enter the premises without a warrant. While the plain view exception to the warrant requirement creates probable cause to support a warrant, it does not and cannot create justification to enter a home or property without a warrant. *State v. Mims*, 6th Dist. No. OT-05-030, 2006-Ohio-862, 2006 WL 456766, ¶ 21.

{¶ 15} It is well settled law that the Fourth Amendment prohibits warrantless entry into a home to make an arrest unless there is both probable cause and the existence of exigent circumstances. *See Welsh v. Wisconsin*, 466 U.S. 740, 741, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), at the syllabus:

> Before government agents may invade the sanctity of the home, the government must demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. * * * Moreover, * * * no exigency is created simply because there is probable cause to believe that a

serious crime has been committed * * * Where probable cause exists, but exigent circumstances are absent, warrantless entries clearly violate the Fourth Amendment.

*See also Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Johnson v. United States*, 333 U.S. 10, 13-15, 68 S.Ct. 367, 92 L.Ed. 436 (1980); *Cleveland v. Shields*, 105 Ohio App.3d 118, 121, 663 N.E.2d 726 (8th Dist. 1995); *State v. Jenkins*, 104 Ohio App.3d 265, 268, 661 N.E.2d 806 (1st Dist. 1995).

{¶ 16} Here, appellant contends that although the detectives established probable cause to obtain a warrant, there were no exigent circumstances to justify the warrantless entry into his apartment. We agree.

{¶ 17} We note at the outset that the state bore the burden of establishing exigency from the totality of the circumstances involved. *Welsh v. Wisconsin*, at 750; *State v. Sladek*, 132 Ohio App.3d 86, 724 N.E.2d 488 (1st Dist. 1998); *State v. Brooks*, 10th Dist. No. 94APA03-386, 1995 WL 390935 (Jun. 27, 1995). A determination of exigency sufficient to justify a warrantless entry must be made on a case-by-case basis. *Mincey v. Arizona*, 437 U.S. 385, 392, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Generally, under the exigent circumstances exception, there must be "compelling reasons" or "exceptional circumstances" to justify a warrantless search. *McDonald v. United States*, 335 U.S. 451, 454, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The appropriate inquiry is whether, based on the totality of the circumstances, it

was reasonable for the officers to believe that an exigent or emergency situation existed. *State v. Applegate*, 68 Ohio St.3d 348, 1994-Ohio-356, 626 N.E.2d 942.

{¶ 18} The Ohio Supreme Court has determined that there are "four exceptions to the warrant requirement which justify a warrantless search of a home: (1) an emergency situation, (2) search incident to an arrest, (3) 'hot pursuit' and (4) easily destroyed or removed evidence. *State v. Cheers* (1992), 79 Ohio App.3d 322, 325, 607 N.E.2d 115." *State v. King*, 8th Dist. No. 80573, 2003-Ohio-400, 2003 WL 194769, ¶ 16.

{¶ 19} At the suppression hearing Dets. Kreischer and Carpenter each testified that they believed entry into appellant's apartment was necessary to prevent the destruction of evidence. The *King* court set forth the elements that would justify an intrusion based on the destruction of evidence, stating,

> A police officer can show an objectively reasonable belief that contraband is being, or will be, destroyed within a residence if he or she can demonstrate: 1) a reasonable belief that third parties are inside the dwelling; and 2) a reasonable belief that these third parties may soon become aware the police are on their trail so that the destruction of evidence would be in order. *Id*. at ¶ 17, quoting *State v. Baker*, 8th Dist. Nos. 60352 and 60353, 1991 WL 64312 (Apr. 25, 1991).

{¶ 20} In this appeal, there are no facts that would support the claim of exigent circumstances. Although the detectives had probable cause to believe that appellant was engaging in drug trafficking, we find no exigent

circumstances justifying their intrusion into appellant's home. While we acknowledge the testimony of Dets. Kreischer and Carpenter, the facts and circumstances involved in this matter fail to support the detectives' belief that the destruction of evidence was imminent. Here, there is no indication that any marijuana or other evidence was being destroyed. In fact, the record reflects that appellant was alone in his apartment and was unaware that the detectives were even at his front door until they announced their presence. Under those circumstances, the detectives had ample opportunity to secure the premises and obtain a valid warrant without risking retrieval of the evidence at issue. *See State v. Crenshaw*, 8th Dist. No. 90635, 2008-Ohio-4859, 2008 WL 4356104.

{¶ 21} However, our determination that exigent circumstances were not present in this case does not end our Fourth Amendment analysis. An established exception to the rule that entry of a home requires a warrant or exigent circumstances is where the entry is pursuant to a voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The voluntariness of consent is a question of fact to be determined from the totality of the circumstances, with the government having the burden of showing by "clear and positive" evidence that the consent was "freely and voluntarily" given. *State v. Posey*, 40 Ohio St.3d 420, 427, 534 N.E.2d 61 (1988).

{¶ 22} Courts have held that "a person can demonstrate consent to enter either expressly or impliedly, in ways such *as opening a door and stepping back*, or leading an officer through an open door and not expressing that he should not follow." (Emphasis sic.) *Bainbridge v. Kaseda,* 11th Dist. No. 2007-G-2797, 2008-Ohio-2136, 2008 WL 1934491, ¶ 35; *State v. Cooper,* 9th Dist. App. No. 21494*,* 2003-Ohio-5161, 2003 WL 22232442 , ¶ 9, citing *State v. Schroeder*, 6th Dist. No. WD-00-076,  2001 WL 1308002 (Oct. 26, 2001); *State v. Asworth*, 10th Dist. No. 90AP-916, 1991 WL 54181 (Apr. 11, 1991).

{¶ 23} In the present case, Det. Kreischer testified, "So we knocked on the door.  He got up off the couch, put his bags that he was packaging, all the marijuana, down on the coffee table, and put his marijuana down and went to answer the door.  We said, 'Could we come in.'  He took a step backwards and we stepped in * * *."

{¶ 24} Appellant's actions clearly demonstrated his consent to the officers entering the threshold of his apartment.  His conduct was that of one offering an invitation of entry into the apartment.  Had appellant not wanted the officers to enter the apartment, he could have just as easily stepped outside the doorway and shut the door.  The act of opening the door completely and stepping back into his residence constituted an invitation to enter.  Thus, the officers acted properly in entering the threshold of the apartment.  *State v. Sutton*, 7th Dist. No. 01-CA-181, 2002-Ohio-6901, 2002

WL 31813086, ¶ 18. Once the detectives were in the threshold, the marijuana was in their plain view, justifying appellant's arrest. Det. Kreischer testified that the marijuana was in plain sight, approximately four and a half feet away from the doorway when the detectives entered the apartment.

{¶ 25} As stated previously, this court must defer to the trial court's factual findings and then independently determine whether the trial court met the appropriate legal standard. After considering both the trial court's factual findings and the legal standards surrounding warrantless searches, we conclude that the trial court met the applicable standard. Accordingly, appellant's assignment of error is without merit.

{¶ 26} Appellant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR